UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JAZMIN CARRETO and RAUL CORTES,

                Plaintiffs,

    -against-

TABLETOPS UNLIMITED, TJX COMPANIES INC.,
MARSHALLS OF MA, INC. JOHN/JANE DOES
1-15, and ABC COMPANIES 1-15,

                Defendants.
-----------------------------------------------------------------X

**REPORT & RECOMMENDATION**
**23 CV 4766 (RER)(LB)**

**BLOOM, United States Magistrate Judge:**

Counsel filed this action on behalf of Mr. Cortes and his wife, Jazmin Carreto, on June 26, 2023. ECF No. 1. In addition to the negligence, breach of warranty and product liability claims brought by Ms. Carreto, Mr. Cortes brought a separate claim for loss of consortium. Id. at ¶¶ 175-78. On February 15, 2024, plaintiffs' counsel informed the Court that a conflict had arisen between the plaintiffs and they declined to waive this conflict. ECF No. 31. The Court granted plaintiffs' counsel leave to file a motion to withdraw and ordered Mr. Cortes to file a letter stating whether he intended to retain new counsel or he intended to represent himself. ECF No. 32.[1]

Plaintiffs' counsel timely filed its motion to withdraw on February 20, 2024, ECF No. 33, and provided a current address, phone number and email for Raul Cortes. ECF No. 34. Plaintiffs' counsel also filed affidavits of service confirming service of the Court's Order on Raul Cortes. ECF Nos. 35, 35.

Plaintiffs' counsel's motion to withdraw from representing Raul Cortes was granted. ECF No. 38. Mr. Cortes failed to appear for the Court conference on March 5, 2024. Id. The Court's

---

[1] Ms. Carreto's case against defendants is proceeding.

1

Order after this conference warned Mr. Cortes that if he failed to comply with the Court's Orders, the Court would dismiss his claim. Fed. R. Civ. P. 37(b)(2)(A). The Court ordered Mr. Cortes to show good cause why he failed to appear at the court conference on March 5, 2024. The Court reiterated that if plaintiff failed to show good cause, I would recommend that his claim should be dismissed. ECF No. 38. The Court scheduled a telephone status conference on April 9, 2024.

On April 10, 2024, Mr. Cortes filed a letter stating he had "technical difficulties" in appearing at the April 9, 2024 telephone conference, but did not write to explain why he failed to appear at the March 5, 2024 conference. ECF No. 44. The Court ordered Mr. Cortes to state "whether he has retained new counsel, wants to represent himself and proceed with his claim, or wishes to voluntarily discontinue his claim." ECF No. 45. The Court explicitly warned Mr. Cortes that if he did not write to the Court by May 3, 2024, I would recommend that his claim should be dismissed. Id. This Order was both mailed to Mr. Cortes and sent to his email address. Mr. Cortes has not contacted the Court nor counsel for any party.

Mr. Cortes was explicitly warned twice that his claim would be dismissed if he failed to comply with the Court's Orders. Despite these warnings, Mr. Cortes failed to attend two Court ordered status conferences and did not write to the Court after his April 10, 2024 letter. He has failed to show good cause. "[A]ll litigants, including *pro ses*, have an obligation to comply with court orders," and to diligently advance their case. Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (citing Minotti v. Lensink, 895 F.2d 100, 102 (2d Cir. 1990)). Despite the Court's explicit warning that failure to comply with the Court's Orders would result in dismissal of the case, plaintiff has failed to act. Accordingly, it is respectfully recommended that Raul Cortes's loss of consortium claim against defendants should be dismissed.

**FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: September 25, 2024
      Brooklyn, New York